In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-8003

BACK DOCTORS LTD., individually and
on behalf of a class,

*Plaintiff-Respondent*,

*v.*

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

*Defendant-Petitioner*.

Petition for Permission to Appeal from
the United States District Court for the
Southern District of Illinois.
No. 10-cv-444-MJR—**Michael J. Reagan**, *Judge*.

SUBMITTED MARCH 4, 2011—DECIDED APRIL 1, 2011

Before EASTERBROOK, *Chief Judge*, and ROVNER and
EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Back Doctors filed a suit in
a state court of Illinois, contending that defendant, an
insurer, uses software that pays medical providers less
than the policies require the insurer to pay. Back Doctors
contended that using this software violates not only

the contracts between insurer and insured but also the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Back Doctors is a provider of services, rather than an insured, and the statutory claim may encounter difficulties under *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 835 N.E.2d 801 (2005), but the suit's merits do not concern us now.

The insurer removed the litigation to federal court under amendments that the Class Action Fairness Act of 2005 made to 28 U.S.C. §§ 1332(d) and 1453. These provisions allow the removal of class actions in which the stakes exceed $5 million, provided that at least minimal diversity of citizenship exists. Back Doctors asked the district court to remand the proceeding, contending that the amount in controversy is less than $5 million. That the stakes exceed $2.9 million is undisputed; the insurer contended that punitive damages make up the balance. Back Doctors replied that its complaint does not expressly request punitive damages or allege that the insurer acted wantonly or maliciously. The state judiciary therefore would not award punitive damages, Back Doctors insisted, and the amount in controversy required for federal jurisdiction has not been established.

The district court remanded, stating that removal is disfavored, that doubts are construed against removal, and that the insurer has not established a "reasonable probability" that the amount in controversy exceeds $5 million. The insurer has asked for our permission to

appeal, a step authorized by §1453(c). We grant that request and, because the papers already on file adequately present the parties' arguments, we resolve the appeal summarily.

References to a "reasonable probability" of recovering the amount in controversy entered this circuit's jurisprudence in 1993 and, we thought, departed in 2006 with *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006). Our 2006 opinion traced the phrase's origin and evolution in connection with the amount-in-controversy requirement and concluded that it had been misunderstood so frequently that it had to go. The Supreme Court held in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938), that allegations about the amount in controversy must be accepted unless it is impossible for the plaintiff to recover the jurisdictional minimum. Jurisdictional *facts* must be alleged and proved by a preponderance of the evidence; the phrase "reasonable probability," when introduced by *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993), was designed to express that point. But many judges misunderstood the phrase as requiring the proponent of federal jurisdiction to establish that it was likely that the plaintiff would obtain a judgment exceeding the amount-in-controversy requirement.

We tried in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), to end the misunderstanding and confine the phrase to a search for what the plaintiff actually sought: "part of the removing party's burden is to show not only what the stakes of the litigation *could*

*be*, but also what they *are* given the plaintiff's actual demands. That's the point of statements in our decisions that the removing litigant must show a reasonable probability that the stakes exceed the minimum. The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." 427 F.3d at 449 (emphasis in original; citations omitted). When this clarification proved to be insufficient, we decided in *Sadowski* to ditch the phrase. *Sadowski* was circulated to all judges under Circuit Rule 40(e) and has the status of an *en banc* decision, but confusion has continued, so we publish this short opinion to drive the point home. The legal standard was established by the Supreme Court in *St. Paul Mercury*: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court. Only jurisdictional *facts*, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence.

There is no presumption against federal jurisdiction in general, or removal in particular. The Class Action Fairness Act must be implemented according to its terms, rather than in a manner that disfavors removal of large-stakes, multi-state class actions. When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate. See, e.g., *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006); *Rubel v.*

*Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). Once this has been done, and supported by proof of any contested jurisdictional facts, the presumption is the one stated in *St. Paul Mercury*: the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible. So the question here is not whether the class is more likely than not to recover punitive damages, but whether Illinois law disallows such a recovery. (If the class should be awarded punitive damages, even a one-to-one ratio of punitive to actual damages would result in a total award exceeding $5 million, if the class's position about actual damages is right.)

Is recovery of more than $5 million impossible? Litigants sometimes make it so, and prevent removal, by forswearing any effort to collect more than the jurisdictional threshold. See *St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal"); *Oshana*, 472 F.3d at 511-12 (adding that disclaimers in the complaint block removal only if state law makes them effective as caps on damages, which Illinois law does not). Back Doctors did not file in state court a complaint that disclaimed punitive damages or otherwise make a disavowal that is conclusive as a matter of state law. Instead it declared in the district court that it does not "now" want punitive damages, and the district judge relied on this when remanding the suit. But there are two problems.

First, events after the date of removal do not affect federal jurisdiction, and this means in particular that a

declaration by the plaintiff following removal does not permit remand. *St. Paul Mercury*, 303 U.S. at 292 ("though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction"); see also *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Cf. *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010) (decertification of class after removal does not allow remand). Second, Back Doctors has a fiduciary duty to its fellow class members. A representative can't throw away what could be a major component of the class's recovery. Either a state or a federal judge might insist that some other person, more willing to seek punitive damages, take over as representative. What Back Doctors is willing to accept thus does not bind the class and therefore does not ensure that the stakes fall under $5 million. (Our point is not that a federal judge should take steps to keep suits in federal court, but that class representatives' fiduciary duty might ensure that the amount in controversy exceeds $5 million no matter where the litigation occurs.)

What remains is the possibility that the complaint itself scuttles any award of punitive damages. Back Doctors did not expressly ask for a punitive award and did not include in the complaint allegations of wanton or egregious conduct. Yet Back Doctors does not cite any decision by an Illinois court holding that such an omission from a complaint makes a punitive award *impossible*. Plaintiffs can amend their complaints as the litigation progresses. The Illinois statute is about fraud,

after all, and the complaint alleges that the insurer concealed from its clients the means it used to avoid paying what the insurance contracts promise. Fraud is a common ground of punitive damages in Illinois. See *Black v. Iovino*, 219 Ill. App. 3d 378, 580 N.E.2d 139 (1991) (holding this about claims under 815 ILCS 505/2 in particular); *Crowder v. Bob Oberling Enterprises, Inc.*, 148 Ill. App. 3d 313, 499 N.E.2d 115 (1986) (same). And juries can award damages not requested by the complaint. In federal courts, "[e]very . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings". Fed. R. Civ. P. 54(c). Illinois follows the same approach. 735 ILCS 5/2-604 ("the [complaint's] prayer for relief does not limit the relief obtainable").

If the Supreme Court of Illinois had established that punitive damages are a special situation, and that omission of a request from the initial pleading forbids a punitive award, then remand would be appropriate. But the state judiciary had not come to this conclusion. A plaintiff in Illinois can limit the relief to an amount less than the jurisdictional minimum, and thus prevent removal, by filing a binding stipulation or affidavit with the complaint. So we held in *Oshana* and *Shell*. There may be other ways that Illinois law treats as effective; we need not decide, because Back Doctors did not file any kind of limiting document with its complaint—indeed, has not filed one to this day. (A statement that it does not "now" want punitive damages would not prevent a change of mind.) When a plaintiff does not tie its own hands, the defendant is entitled to present

a good-faith estimate of the stakes. If that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible.

A punitive award exceeding $2.1 million is possible in this litigation, so the amount in controversy exceeds $5 million under the approach of *St. Paul Mercury*. The order returning this suit to state court is vacated, and the case is remanded to the district court for decision on the merits.