# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3445
_____

| | | |
|---|---|---|
| John M. Rolwing, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Nestle Holdings, Inc., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2011
Filed: February 2, 2012
_____

Before MURPHY, BOWMAN, and GRUENDER Circuit Judges.
_____

GRUENDER, Circuit Judge.

Nestle Holdings, Inc. ("Nestle") appeals the district court's[1] order remanding this putative class action to the jurisdiction of the state courts of Missouri. Because at the time the case was removed it did not meet the requirements for federal subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-15, we affirm the order of the district court.

_____

[1]The Honorable Thomas C. Mummert, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.  BACKGROUND

On January 15, 2001, Nestle agreed to a merger with Ralston Purina Company that provided for the cash purchase of Ralston Purina's common stock by Nestle. The merger agreement contained a choice-of-law provision selecting Missouri law as controlling its terms. The merger was completed on December 12, 2001. On December 18, 2001, Nestle paid Ralston Purina book-entry shareholders a total of $8,880,809,766.50 for their 265,098,799 outstanding common shares of Ralston Purina.

Ralston Purina book-entry shareholder John M. Rolwing filed this putative class action in Missouri state court on March 30, 2011, on behalf of himself and all other Ralston Purina book-entry shareholders at the time of the execution of the merger agreement ("the class"). Rolwing claims that Nestle was required to pay the class on December 12, that Nestle's December 18 payment was delinquent, and that the class is entitled to interest on the delinquent payment. Nestle removed the case to federal court on May 17, 2011, invoking CAFA-provided jurisdiction under 28 U.S.C. § 1332(d). It then filed a motion to dismiss on the basis of a prior resolution by the state courts of Ohio of a putative class action, brought by the same attorney on behalf of a different named plaintiff in that state, that claimed damages under the same theory for the same class.

Before the district court could rule on Nestle's motion to dismiss, Rolwing moved to remand the case to Missouri state court, arguing that the amount in controversy was not in excess of $5 million, as required by § 1332(d). Nestle responded by asserting that Rolwing's theory of the case clearly comprehended the possibility of damages in excess of $5 million. The interest due on Nestle's payment to the class, calculated at an annualized rate of nine percent as required by Missouri law, *see* Mo. Rev. Stat. § 408.020, would exceed $2 million for each day that the payment was late. If payment had been due on December 12 as Rolwing alleges,

Nestle claims it would be exposed to damages well in excess of the $5 million threshold.

To counter any attempt at removal, however, Rolwing's complaint included a prayer for relief requesting "judgment against defendant in an amount that is fair and reasonable in excess of $25,000, but not to exceed $4,999,999." The prayer stated further: "Plaintiff and the class do not seek—and will not accept—any recovery of damages (in the form of statutory interest) and any other relief, in total, in excess of $4,999,999." Rolwing did this, according to his complaint, expressly so as "not to provide any United States District Court with jurisdiction under the terms of the Class Action Fairness Act of 2005 . . . or any other provision(s) of law." Rolwing also included two stipulations with his complaint: one stating that as named plaintiff and putative class representative he would not seek or accept any recovery in excess of $4,999,999 on his own behalf or on the behalf of the class, and a second signed by his counsel stating that no attorneys' fees would be sought or accepted other than on a contingency basis out of the maximum recovery of $4,999,999 provided for by the other stipulation. As with the complaint's prayer for relief, both stipulations stated that the limitation on damages sought was for the purpose of defeating federal jurisdiction.

The district court granted Rolwing's motion to remand on the basis of this disclaimer of damages and denied as moot a second motion to remand filed by Rolwing on the basis of the securities exception in 28 U.S.C. § 1332(d)(9)(C). Nestle filed a petition pursuant to 28 U.S.C. § 1453(c) requesting permission to appeal the district court's remand order, which we granted.

## II. DISCUSSION

CAFA provides for federal subject matter jurisdiction over qualifying class actions where the aggregate amount in controversy exceeds $5 million. 28 U.S.C.

§ 1332(d). Such class actions generally are removable, and the usual one-year time limit on diversity-premised removal is inapplicable. 28 U.S.C. § 1453. Certain class actions dealing either with securities or claims relating to business governance arising out of state law are excepted from this general rule and are not removable. 28 U.S.C. § 1453(d). The courts of appeals are authorized to accept an appeal from an order granting or denying a motion to remand a class action. 28 U.S.C. § 1453(c).

"We review de novo a district court's order to remand a removed case for lack of subject matter jurisdiction." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). In the CAFA context, the party seeking removal bears the burden of proving by a preponderance of the evidence that the jurisdictional requirements for removal are met. *Id.* at 956-59. If the removing party meets this burden, the party seeking remand must establish to a legal certainty that the requirements for federal jurisdiction are *not* met. *Id.* at 959. Thus, for a remand to be justified, Rolwing must show that it is legally certain that recovery in this case cannot exceed $5 million. *See id*.

Rolwing has maintained throughout these proceedings that the disclaimer of damages greater than $4,999,999 in his prayer for relief and the accompanying stipulations makes it legally certain that the amount in controversy cannot exceed $5 million. Nestle counters that (1) Missouri law (which governed the merger agreement and therefore would control the suit) would not give effect to the disclaimer, and (2) Rolwing's purported disclaimer of part of the class's potential recovery is unenforceable because it "was inconsistent with the interests of and in breach of his fiduciary duties to the putative class." Nestle contends that, absent certainty that the disclaimer will be enforced, it is not a legal certainty that the amount in controversy is not in excess of $5 million, rendering remand inappropriate.

We have previously stated that a binding stipulation limiting damages sought to an amount not exceeding $5 million can be used to defeat CAFA jurisdiction. *Bell*,

557 F.3d at 958 ("In order to ensure that any attempt to remove would have been unsuccessful, Bell could have included a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum on remand."). Stipulations of this sort, when filed contemporaneously with a plaintiff's complaint and not after removal, have long been recognized as a method of defeating federal jurisdiction in the non-CAFA context. *See, e.g.*, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.").

Nestle first argues that Rolwing's prayer for relief and the stipulations are not enforceable under Missouri law and, therefore, not binding on the class. While it is unclear what effect, if any, Missouri law would give to the prayer for relief in Rolwing's complaint, *see* Mo. Rev. Stat. § 509.050.1(2) (prohibiting the specific pleading of damages "except to determine . . . jurisdictional authority," and providing that specific damage pleadings under that exception "shall not affect the conduct of trial with regard to stating, proving, or arguing damages"), it is not necessary for us to resolve this question. Instead, we conclude that the stipulations are independently enforceable under the doctrine of judicial estoppel and, therefore, binding within the meaning of *Bell*.

Under Missouri law, "[t]he doctrine of judicial estoppel provides that '[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *Taylor v. State*, 254 S.W.3d 856, 858 (Mo. 2008) (second alteration in original) (quoting *Zedner v. United States*, 547 U.S. 489, 504 (2006)). According to this rule, by defeating removal through asserting the position that he will not accept more than $4,999,999 in damages on behalf of the class he is seeking to represent, Rolwing is estopped from later accepting damages

that exceed that amount. Similarly, by taking the position that he would only accept fees on a contingency basis out of damages not exceeding $4,999,999, Rolwing's counsel is estopped from accepting any other fee award. "Stipulations are 'controlling and conclusive, and courts are bound to enforce them.'" *Zipper v. Health Midwest*, 978 S.W.2d 398, 410 (Mo. Ct. App. 1998) (quoting *Pierson v. Allen*, 409 S.W.2d 127, 130 (Mo. 1966)). Therefore, we are confident that Missouri courts will apply judicial estoppel to enforce the terms of the stipulations.

Nestle's second argument is that the stipulations are not enforceable because, in disclaiming a significant portion of the putative class's potential recovery, Rolwing has violated his fiduciary duty to the putative class. Nestle points, in particular, to *Back Doctors Ltd. v. Metropolitan Property & Casualty Insurance Co.*, 637 F.3d 827 (7th Cir. 2011), in which the Seventh Circuit stated that, in a putative class action, a plaintiff "has a fiduciary duty to its fellow class members. A representative can't throw away what could be a major component of the class's recovery. Either a state or a federal judge might insist that some other person, more willing to seek [damages in excess of the jurisdictional minimum], take over as representative." *Id.* at 830-31. Nestle contends that, because the damage disclaimer was a bad-faith renunciation of "a major component of the class's recovery," a court might not certify Rolwing as class representative, might not certify Rolwing's counsel as class counsel, or might refuse to enforce Rolwing's damage disclaimer against the class. Nestle argues that, because of these possibilities, Rolwing has not met his legal certainty burden.

As an initial matter, we are bound to consider only jurisdictional facts present at the time of removal and not those occurring subsequently, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938), such as a hypothetical future substitution of class representative, substitution of class counsel, or other non-

enforcement of the damage disclaimer because of bad faith.[2] At any rate, notwithstanding the language cited by Nestle, *Back Doctors* actually supports remand in this case. In *Back Doctors*, the actual damages at issue were approximately $2.9 million. The initial complaint filed in Illinois state court neither requested punitive damages nor disclaimed them. The defendant removed under CAFA, arguing that the amount in controversy was in excess of $5 million because of the potential for an award of punitive damages. The plaintiff then argued that remand was warranted because it had not requested punitive damages. Applying the same legal certainty standard we applied above, *Back Doctors*, 637 F.3d at 829-30, the Seventh Circuit found that the plaintiff had failed to establish to a legal certainty that he could not recover in excess of the jurisdictional minimum under CAFA because his failure to request punitive damages did not conclusively establish that they could not be awarded, *id.* at 831.

However, the court went on to explain that "[i]f the Supreme Court of Illinois had established . . . that omission of a request [for punitive damages] from the initial pleading forbids a punitive award, then remand would be appropriate" and that a "plaintiff in Illinois can limit the relief to an amount less than the jurisdictional minimum, and thus prevent removal, by filing a binding stipulation or affidavit with the complaint." *Id.* In other words, contrary to Nestle's view of the case, the Seventh Circuit, in spite of its concern about the potential conflict of interest inherent in damage disclaimers in pre-certification class actions, explicitly endorsed the method used by Rolwing in this case to defeat CAFA jurisdiction.

---

[2]We note that, should circumstances change in the manner suggested by Nestle, removals under CAFA are not subject to the one-year limitation period in 28 U.S.C. § 1446(c)(1). Under CAFA, a party can remove the case any time "within 30 days after [its receipt], through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Because we conclude that Missouri's well-established judicial estoppel doctrine makes these stipulations binding, Rolwing has shown that it is legally impossible for the amount in controversy in this case to meet CAFA's threshold, and remand based on CAFA's amount-in-controversy requirement was appropriate.[3]

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____

_____

[3]Because we decide the case on this basis, we need not address Rolwing's arguments for remand on the basis of class numerosity (first raised on appeal) or CAFA's securities exception.