**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY D. FREDERICK,

       Plaintiff–Appellee,

v.

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

       Defendant–Appellant.

No. 12-1161

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:11-CV-02306-WJM-KLM)**

Submitted on the briefs:*

Paul Howard Schwartz (Cynthia A. Mitchell and Alice Warren-Gregory with him on the briefs), Shoemaker Ghiselli & Schwartz, LLC, Boulder, Colorado, for the Defendant-Appellant.

Matthew Gabriel McFarland, Evans & McFarland, LLC (Robert F. Hill, Hill & Robbins, PC with him on the briefs), Golden, Colorado, for the Plaintiff-Appellee.

Before **BRISCOE**, Chief Judge, **MCKAY**, and **LUCERO**, Circuit Judges.

   *The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

**LUCERO**, Circuit Judge.

Larry D. Frederick brought a putative class action suit against Hartford Underwriters Insurance Company ("Hartford") in Colorado state court; Hartford removed the case to federal court. Looking to the face of the plaintiff's complaint, the district court concluded that the amount in controversy did not exceed $5,000,000—which is required for federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Accordingly, the district court remanded the case to state court. In reaching its decision, the district court acknowledged that this circuit has not defined the burden a defendant must carry to prevent a remand in a CAFA suit. Faced squarely with this question, we hold that a defendant in these circumstances is entitled to present his own estimate of the amount at stake and must show by a preponderance of the evidence that the amount in controversy exceeds the amount in § 1332(d)(2)—currently $5,000,000. We further emphasize that this preponderance standard applies to punitive damages as well, and that such damages cannot be assumed when calculating the amount in controversy. Exercising jurisdiction under 28 U.S.C. § 1453, we reverse and remand for further proceedings.

**I**

Frederick's class action complaint was filed in March 2011 in Colorado state court. The complaint asserted that a putative class of consumers had purchased insurance from Hartford, and alleged that the company failed to disclose important information

regarding the class's policies. Maintaining that the amount in controversy exceeded $5,000,000, Hartford invoked CAFA and removed the case to federal court.[1] Frederick initially sought a remand, but voluntarily dismissed the case before the court ruled on his motion.

Shortly thereafter, Frederick filed a nearly identical complaint in state court, this time seeking "a total award for compensatory and punitive damages [that] does not exceed $4,999,999.99." Hartford again removed, arguing that Frederick was seeking at least $2,960,988 in compensatory damages based on the size of the class and the temporal period at issue. Because Frederick was also seeking punitive damages—which, under Colorado law, could equal up to the amount of compensatory damages awarded—Hartford asserted that the total amount in controversy was at least $5,921,996. See Colo. Rev. Stat. § 13-21-102(1)(a). In support of its amount-in-controversy calculation, Hartford attached an affidavit of the Hartford employee who calculated the sum. Frederick moved to remand, asserting that the court lacked jurisdiction because, as "master of his complaint," he "decided to limit total damages to an amount no more than $4,999,999.99."

The district court granted Frederick's motion and remanded the case. In the order, the court acknowledged that there is a split among the circuits as to a defendant's burden to show potential damages over the jurisdictional amount when seeking removal under

---

[1] A federal court must assume jurisdiction under CAFA if: (1) the putative class meets certain diversity requirements; (2) the putative class is comprised of over 100 members; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

CAFA.  However, the district court concluded that remand was warranted regardless of the appropriate standard.  Specifically, the court agreed with the plaintiff that a complaint requesting damages of less than $5,000,000 should be taken at face value irrespective of the evidence advanced by the defendant.  Interpreting Frederick's complaint as a binding limitation on damages, the court found that the amount in controversy did not exceed $5,000,000, and remanded the case for lack of jurisdiction.

## II

We review the district court's ruling on the propriety of removal de novo.  Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 897 (10th Cir. 2006).  In order to determine if the district court erred, we must first consider the standard that Hartford is required to satisfy.

To establish jurisdiction under CAFA, a party must show, among other things, that "the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  The amount in controversy, in turn, is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation."  McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008); see also Gibson v. Jeffers, 478 F.2d 216, 220 (10th Cir. 1973) ("The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.").

In analyzing the propriety of removal, we have held that "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts

supporting [the] assertion that the amount in controversy exceeds [the jurisdictional minimum]." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (quotation omitted). "As a practical matter . . . the burden is 'rather light' if the sum claimed by the plaintiff exceeds the jurisdictional amount." Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999) (citation omitted). Defendants seeking to remove under the general diversity jurisdiction statute—28 U.S.C. § 1332(a)—face a more strenuous burden if the plaintiff requests undefined damages or damages below the jurisdictional minimum. In such cases, the defendant must "prove . . . jurisdictional facts by a preponderance of the evidence" to remain in federal court.[2] McPhail, 529 F.3d at 955 (quotation and citation omitted). We have not, however, had opportunity to address the contours of the burden faced by a defendant seeking to remove a case under CAFA when the plaintiff has alleged an amount less than $5,000,000.

As the parties acknowledge, our sibling circuits have split over the proper standard in this context. In the Ninth Circuit, when a complaint alleges less than the jurisdictional amount, "the party seeking removal must prove with 'legal certainty' that the amount in controversy is satisfied, notwithstanding the prayer for relief in the complaint." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 996 (9th Cir. 2007). This stringent

_____

[2] We recognize that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") may modify this procedure. See Pub. L. No. 112-63, 125 Stat. 758 (2011). The revised removal statute requires federal courts to consider state pleading practice before examining a defendant's notice of removal for assertions of the amount in controversy. See 28 U.S.C. § 1446(c)(2). Because this case was filed before the statute's effective date, we do not reach this issue. Also, any analogies between diversity and CAFA removals rely on our pre-JVCA precedent, particularly McPhail.

standard was adopted to "guard the presumption against federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court." Id. at 999; see also Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (adopting the "legal certainty" standard). In contrast, the Eighth Circuit has held that "a party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum." Bell v. Hershey Co., 557 F.3d 953, 958 (8th Cir. 2009); see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co., 637 F.3d 827, 829 (7th Cir. 2011) (clarifying that the preponderance standard applies to removing defendants); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) ("[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 48, 50 (1st Cir. 2009) (adopting a "reasonable probability" standard that is "for all practical purposes identical to the preponderance standard"); Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009) (unpublished) ("[T]he defendant's burden in these circumstances is to establish the jurisdictional amount by a preponderance of the evidence."); Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 404 (6th Cir. 2007) ("CAFA does not alter the fact that the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met" (quotation omitted)); Blockbuster, Inc. v. Galeno, 472 F.3d 53, 59 (2d Cir. 2006) ("To satisfy its burden, defendant must prove to a

reasonable probability that . . . the amount in controversy exceeds $5 million.").  In adopting this standard, the Bell court explained that requiring a defendant "to establish jurisdictional facts by a legal certainty would force us to depart from our non CAFA precedent where we have only required a removing party to establish jurisdictional facts by a preponderance of the evidence."  557 F.3d at 957.

We join the latter set of courts, and hold that a defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.  In doing so, we extend our precedent in McPhail to the CAFA context and align ourselves with the majority of other circuits which have adopted the preponderance standard.  See generally McPhail, 529 F.3d at 954-55 (explaining the rationale behind the preponderance standard).  Specifically, we agree that there is "no logical reason why we should demand more from a CAFA defendant" than other parties invoking federal jurisdiction.  Bell, 557 F.3d at 957.  This is especially so in light of the recently passed JVCA, which largely codified the holding of McPhail.  See Pub. L. No. 112-63, 125 Stat. 758 (2011).  By adopting the preponderance standard, we ensure that defendants seeking removal face the same burden regardless of whether they are invoking simple diversity jurisdiction or CAFA jurisdiction.  To hold otherwise would confuse courts and litigants alike, and contradict the clear weight of authority.

Under the preponderance standard, defendants seeking to remove must prove jurisdictional facts by a preponderance of the evidence.  See McPhail, 259 F.3d at 954 ("The 'preponderance of the evidence' standard applies to jurisdictional facts, not

-7-

jurisdiction itself."); Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540-41 (7th Cir. 2006) ("What the proponent of jurisdiction must 'prove' is contested factual assertions . . . . Jurisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact'."). There are several ways this can be done:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

McPhail, 529 F.3d at 954 (10th Cir. 2008) (quoting Meridian, 441 F.3d at 541-42). The defendant is thus "entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate" in the complaint. Back Doctors, 637 F.3d at 830. State pleading standards do not affect a defendant's entitlement to present this evidence, and a plaintiff's attempt to limit damages in the complaint is not dispositive when determining the amount in controversy.[3] Regardless of the plaintiff's pleadings, federal jurisdiction is proper if a defendant proves jurisdictional facts by a "preponderance of the evidence" such that the amount in controversy may exceed $5,000,000. Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to

---

[3] While this is the rule from McPhail, the JVCA likely requires a different approach, at least in diversity removals. See Pub. L. No. 112-63, 125 Stat. 758 (2011) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."). But again, the JVCA was not yet in effect when this case was filed, so we decline to apply it, even by analogy.

recover more than $5,000,000. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Back Doctors, 637 F.3d at 830; Bell, 557 F.3d at 959.

The preponderance of the evidence standard must be applied to all damages counted toward the total amount in controversy, including punitive damages. As a general matter, "[p]unitive damages may be considered in determining the requisite jurisdictional amount." Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1218 (10th Cir. 2003). But this does not mean that a defendant's mere use of the words punitive damages automatically justifies the removal of a case on the theory that punitive damages in some unspecified amount may be possible. A defendant seeking to remove because of a claim for punitive damages "must affirmatively establish jurisdiction by proving jurisdictional facts that ma[ke] it possible" that punitive damages are in play. McPhail, 529 F.3d at 955. The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $5,000,000. See Back Doctors, 637 F.3d at 830 (explaining that "the question . . . is not whether the class is more likely than not to recover punitive damages, but whether [state] law disallows such a recovery"). The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible. Absent such facts, punitive damages cannot be considered

-9-

when calculating the amount in controversy for the purposes of CAFA jurisdiction.[4]

## III

Without having the benefit of our decision on this matter, the district court did not properly apply the preponderance standard announced herein. The court found that, regardless of the standard of proof, Hartford failed to demonstrate that the amount in controversy exceeded $5,000,000. In reaching this decision, it relied on the fact that Frederick requested less than the jurisdictional minimum in his complaint. This was erroneous for two reasons. First, it did not consider the defendant's notice of removal or the evidence submitted supporting jurisdiction. As explained above, courts must evaluate this information and explain whether such evidence is sufficient to establish the operative jurisdictional facts by a preponderance of evidence. Second, it treated the plaintiff's pleadings as dispositive. A court may not forgo an analysis of a defendant's claims

---

[4] This is not to say that a removing defendant must show the plaintiff is entitled to punitive damages by a preponderance of the evidence. Such a requirement would require a court to improperly look beyond jurisdictional matters and consider the merits of the claims. See Smithers v. Smith, 204 U.S. 632, 645, (1907) (indicating that the amount in controversy inquiry is distinct from the merits); Schunk v. Moline, Milburn & Stoddard Co., 147 U.S. 500, 505 (1893) (same); Miedema v. Maytag Corp., 450 F.3d 1322, 1332 (11th Cir. 2006) ("When determining the amount in controversy for jurisdictional purposes, however, courts cannot look past the complaint to the merits."); Meridian, 441 F.3d at 543("[U]ncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal."); Zumerling v. Devine, 769 F.2d 745, 748 (Fed. Cir. 1985) ("The amount in controversy for jurisdictional purposes must be ascertained by the requests in the pleadings without consideration of success on the merits."). We caution counsel and courts not to misunderstand the phrase preponderance of the evidence "as requiring the proponent of federal jurisdiction to establish that it was likely that the plaintiff would obtain a judgment exceeding the amount-in-controversy requirement." Back Doctors, 637 F.3d at 829.

-10-

regarding the amount in controversy merely because a plaintiff pleads that he is seeking less than the jurisdictional minimum.

## IV

We **REVERSE** the district court's remand order and **REMAND** with instructions to apply the preponderance of the evidence standard to the jurisdictional facts.  If Hartford proves by a preponderance of the evidence that CAFA's amount-in-controversy requirement is satisfied, remand is appropriate only if Frederick can establish that it is legally impossible for the class to recover total damages in excess of $5,000,000.