In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2729

ADDISON AUTOMATICS,
INCORPORATED,

*Plaintiff-Appellee,*

*v.*

HARTFORD CASUALTY INSURANCE
COMPANY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 1922 — **John Z. Lee**, *Judge.*

ARGUED SEPTEMBER 10, 2013 — DECIDED October 2, 2013

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit
Judges.*

HAMILTON, *Circuit Judge*. This is an appeal from a district
court's decision remanding a case to state court. See 28 U.S.C.
§ 1453(c) (court of appeals may accept appeal from order
remanding class action). Plaintiff Addison Automatics, Inc.
filed a complaint in state court seeking a declaratory judgment

that defendant Hartford Casualty Insurance Company owed a duty to defend and indemnify a third party against whom Addison had earlier brought and settled a class action on terms that included an assignment to the class of the third party's rights against its insurers. Addison's complaint stated that it intended to proceed solely in its individual capacity rather than on behalf of the previously certified class.

The question before us is whether Addison's follow-on suit is a class action removable under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453. The district court thought not, concluding that it should not look past Addison's assertion that it was suing only as an individual. We accepted the appeal, see § 1453(c), and we reverse the remand to state court. Despite Addison's disclaimer of its status and duties as class representative, it has standing to pursue relief against Hartford only as class representative. The declaratory judgment action is in substance a class action that was properly removed to federal court.

I.   *Procedural Background*

The case now before us has its origins in state court, where Addison filed a class action against Domino Plastics Company. The complaint alleged that Domino had sent thousands of "junk faxes" in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Illinois Consumer Fraud Act, 815 ILCS 505/2, and had committed the tort of conversion. Domino's liability insurers refused to defend the suit. Left to its own devices and checkbook, Domino negotiated a settlement that would protect its own interests and leave its insurers to face the plaintiff class. Addison and Domino agreed

that the state court should certify a class and then enter a nominal judgment against Domino for nearly $18 million. We say "nominal" because Addison agreed that the class would not recover a single dollar of that amount from Domino itself.

Instead, Domino assigned to Addison—as class representative—whatever claims Domino might have against its absent liability insurers. The settlement made clear that Addison's status as assignee depended on its continuing role as class representative. Domino assigned its claims against its insurers "to the Class (as represented by Plaintiff and its attorneys)." After notice and a fairness hearing, the state court certified a class of all recipients of Domino's faxed advertisements between January 2007 and October 2008 and approved the settlement in an order that also recognized that Domino's assignment was "to the Class" and not to Addison individually.

Addison then filed a new state court action against Hartford seeking a declaratory judgment holding Hartford liable for the $18 million judgment against Domino. In the new complaint, Addison alleged that it was suing both "individually and as the representative of a certified class." Hartford removed the case to federal court under 28 U.S.C. § 1453. Addison responded by immediately dismissing the case voluntarily, notwithstanding Federal Rule of Civil Procedure 23(e), which requires court approval to dismiss a claim by a certified class.

The new twist in this case comes from Addison's and class counsel's next move. Addison quickly filed yet another state court lawsuit against Hartford. That complaint, which is now

before us in this appeal, names Addison as the only plaintiff, describes the suit as "an individual declaratory judgment action," and insists that it is "not a class action" under Federal Rule of Civil Procedure 23 or any state equivalent.

Hartford removed this new action to federal court under 28 U.S.C. § 1453, asserting that the case is in substance a class action. Addison moved to remand, arguing that its suit does not fit CAFA's statutory definition of a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

The district court granted Addison's motion to remand. The court found that the complaint's language asserting that Addison was suing only as an individual plaintiff showed conclusively that the suit did not fit CAFA's definition of a class action. Hartford argued that under the terms of the assignment in the underlying settlement agreement, Addison had standing only as a class representative. The district court did not address the merits of that argument, reasoning that the standing question should be decided in state court because there was no federal jurisdiction under CAFA. Hartford sought permission to appeal the remand order under 28 U.S.C. § 1453(c). We granted Hartford's request, thereby binding ourselves to the statute's 60-day time limit for decision.

II. *Analysis*

The question before us is whether this new action is a class action removable under CAFA. We conclude that it is in substance a class action and was properly removed to federal

court, notwithstanding Addison's artificial attempt to disguise the true nature of the suit. We base our conclusion on two closely related grounds.

First, the terms of the class settlement approved in state court make clear that Addison has standing to pursue relief from Hartford only in its capacity as class representative. Unlike the district court, we reach the question of standing because it goes directly to the characterization of Addison's claim as a class action, a threshold inquiry for deciding federal jurisdiction under CAFA. See generally *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."). Despite Addison's artful pleading, its complaint seeks a ruling on Hartford's duties to Domino on a claim that Domino assigned "to the Class (as represented by Plaintiff and its attorneys)." Such a ruling will determine Hartford's liability not just to Addison but for the entire $18 million judgment that the state court entered "in favor of the Class." Moreover, only Addison has standing to pursue this relief on behalf of the class certified by the state court. If any other members of the class sought similar relief from Hartford, they would encounter an insurmountable roadblock. The settlement gave other class members no right to pursue such relief on their own because it assigned Domino's claims against its insurers only to "the Class (as represented by [Addison] and its attorneys)."

Second, as Addison correctly conceded at oral argument, in pursuing this action against Hartford, Addison owes continuing fiduciary obligations to the class it represents. See Fed. R. Civ. P. 23(a)(4); 735 ILCS 5/2-801(3); *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir.

2011) (named plaintiff "has a fiduciary duty to its fellow class members"); *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 181 F. Supp. 2d 914, 922 (N.D. Ill. 2002) ("We agree that a class representative's fiduciary duty to class members carries over to separate litigation affecting the class."), *aff'd as modified on other grounds*, 294 F.3d 849 (7th Cir. 2002). In a similar context, the Eighth Circuit held that where representatives of a class in a federal case under federal law pursued individual relief in a separate but parallel action in state court under state law, the class representatives still owed fiduciary duties to the members of the federal class when pursuing the state court action. As a result, the Eighth Circuit held that a state court judgment against the class representatives in their individual capacities was binding as *res judicata* against the parallel federal claims of the certified class. See *Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934, 938–39 (8th Cir. 1995).

We agree with *Sondel* and *CIGNA HealthCare* on this point. Addison owes fiduciary duties to the class in pursuing relief against Hartford, and this is true even though the new lawsuit is nominally separate and even though Addison has tried to disclaim its role as class representative. If we were to treat Addison as anything other than a class representative here, the interests of the class would be in danger. If a class representative could seek such relief on its own, relieved of its fiduciary duties, it could be induced to sell out the interests of other class members in a lucrative settlement. The risk is analogous to the one we have recognized in the context of class counsel who may be in a position to sacrifice the interests of the class to obtain more generous compensation for themselves. See

*Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011) (collecting cases on this point).

Even if a class representative resisted such a temptation in an individual suit, it would likely still have breached its duties by failing to advance diligently the interests of the class. See *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (plaintiff's failure to seek full damages could suggest inadequacy of representation), citing *Back Doctors*, 637 F.3d at 830–31; 7A Wright & Miller, Federal Practice & Procedure § 1766 (3d ed. 2013) ("Even more directly [than a conflict of interest], the failure of the representative to move for class certification in a timely fashion or otherwise to prosecute the action is a clear indication that the named party is not an adequate representative."). Addison's going it alone would mean leaving fellow class members to pursue for themselves claims they were entitled to expect Addison to prosecute on their behalf. The possibility that a declaratory judgment could produce benefits for other class members in the form of collateral estoppel effects is not enough to remedy this breach. Recall that the assignment was to "the Class (represented by Plaintiff [Addison] and its attorneys)." Class members who might have wanted to take the individual route were free to opt out of the class. Those who remained in the class are entitled to count on their representative to represent them.

Addison's attempt to evade this conclusion by the language of its pleading falls short. By pursuing the rights assigned to it as class representative in the state court class action, Addison is necessarily continuing that class action. Addison urges us to consider the present suit in a vacuum, arguing that there is no need to "reconstitute" the class here. On the contrary, the class

has been and remains certified pursuant to Illinois law, and Addison and its counsel are responsible for trying to obtain relief on the class's behalf under the very assignment Addison now wants to pursue for itself.

While we have not previously addressed CAFA jurisdiction under these exact circumstances, the present action is at heart little more than a procedural variation on the path to federal court described in *Travelers Property Casualty v. Good*, 689 F.3d 714, 723 (7th Cir. 2012) (state court citation action to satisfy class judgment from insurance policies would be removable under CAFA). See also *Back Doctors*, 637 F.3d at 830–31 (plaintiff's declaration that it would not seek punitive damages did not prevent removal under CAFA); *In re Burlington Northern Santa Fe Ry.*, 606 F.3d 379, 381 (7th Cir. 2010) (amending complaint after CAFA removal did not extinguish federal jurisdiction). "To hold otherwise would, for CAFA jurisdictional purposes, … exalt form over substance, and run directly counter to CAFA's primary objective" of expanding federal jurisdiction over national class actions. *Knowles*, 133 S. Ct. at 1350.

Addison's reliance on our decision in *LG Display Co. v. Madigan*, 665 F.3d 768 (7th Cir. 2011), is unsound. The question in *LG Display* was whether a *parens patriae* antitrust action by Illinois against manufacturers of LCD panels was removable under CAFA. We held that CAFA did not apply because class actions "must be brought under Rule 23 or the state equivalent," and a *parens patriae* action brought by a state government is a different sort of proceeding that does not qualify. *Id.* at 772. We declined the defendant's invitation to look through the pleadings and recognize that the state was trying to act on

behalf of a group of its citizens much as a class representative would in a class action. *Id.* Addison argues that *LG Display* means courts should look only to the complaint in determining whether a given claim is a class action.

The argument is not persuasive. Addison overlooks the fact that it remains the representative of a class that was actually certified "under Rule 23 or the state equivalent." Addison would also have us overlook the important procedural differences between class actions and *parens patriae* actions. *Parens patriae* suits are a special form of action brought by a state on behalf of its residents generally to protect a "quasi-sovereign interest" belonging to the state. *Id.* at 771. Such suits brought by a government to vindicate interests beyond those of any particular victims do not involve certified plaintiff classes and "should not be considered representative actions subject to Rule 23." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 288 (2002), quoting *General Telephone Co. of the Northwest v. E.E.O.C.*, 446 U.S. 318, 326 (1980). As with many actions taken by governments, the protection against excesses in the *parens patriae* context lies in the electoral process, not the procedural protections and fiduciary duties owed by private counsel and named plaintiffs in a class action.

Finally, our decision does not depend on two details that made the true nature of this action more transparent. Addison's first complaint against Hartford was explicitly a class action, but our decision would be the same even if Addison had not filed that first complaint. Also, deletion of the present complaint's many references to the state court class would not change our decision.

As we have warned, a "statute governing class actions must define that term carefully, or plaintiffs who want to litigate in state court will devise close substitutes that escape the statute's application." *Bullard v. Burlington Northern Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2008). Addison's coy pleading in this case cannot disguise the true nature of its claim or avoid its fiduciary duties to the class it represents. Accordingly, we REVERSE the district court's order remanding this action to state court and REMAND this matter to the district court for further proceedings on the merits of Addison's claims.