NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 23, 2018
Decided November 20, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1924

| | |
|---|---|
| MICHAEL DALEY,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of<br>Illinois, East St. Louis Division. |
| *v.* | No. 3:17-cv-00056 |
| JONES MOTOR COMPANY,<br>INCORPORATED and ZURICH<br>AMERICAN INSURANCE COMPANY,<br>    *Defendants-Appellees*. | Nancy J. Rosenstengel,<br>*Judge*. |

**O R D E R**

Michael Daley worked for Jones Motor Company as a truck driver. During that time, he alleges that Jones Motor improperly classified him and his fellow drivers as independent contractors rather than employees, resulting in an illicit denial of workers' compensation benefits. He further alleges that Jones Motor forced the drivers to purchase their own insurance policies from Zurich American Insurance Company. The workers paid for these policies through weekly deductions of about $38 from their paychecks. Finally, Daley alleges that Jones Motor and Zurich conspired to prevent workers from filing claims with the Illinois Workers Compensation Commission by

settling the claims, effectively buying the injured workers' silence and avoiding governmental scrutiny of Jones Motor's practice.

Daley filed a class action suit in federal court. He alleged six counts, including civil conspiracy between Jones Motor and Zurich, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, unjust enrichment, and violations of the Illinois Wage Payment and Collection Act. The suit covered a period from December 2011 until January 19, 2017, the date on which Daley filed his complaint. But before Daley could obtain class certification, the district court dismissed the case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The district court determined that although Daley might theoretically prosecute his claims in federal court, he first had to obtain a factual determination that he was an employee and not an independent contractor. Illinois law seems to reserve that question to the Commission. *See, e.g.*, 820 ILCS 305/18 ("All questions arising under [the Workers' Compensation Act] … shall … be determined by the Commission."); *but cf. Employers Mutual Cos. v. Skilling*, 644 N.E.2d 1163 (Ill. 1994) (construing statute to allow concurrent jurisdiction for Commission and circuit courts over question under the Act). As a result, the district court dismissed the case without prejudice. Daley appealed that question of law.

But during oral argument and before reaching the merits, we questioned Daley about whether we had jurisdiction to hear the case in the first place. After argument concluded, we asked the parties to file supplemental briefing on the jurisdictional question. Because we believe that Daley's proposed class cannot meet the requirements for establishing federal jurisdiction over his case, we must dismiss his appeal.

Although Article III of the Constitution extends the federal judicial power to "controversies … between citizens of different states," it also permits Congress to limit the reach of that power by legislation. U.S. Const. art. III, § 2. The Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), establishes those limits for class action lawsuits based on diversity jurisdiction. It creates "federal subject matter jurisdiction if (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ('minimal diversity'); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate." *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (citing 28 U.S.C. § 1332(d)).

We analyze questions of subject matter jurisdiction *de novo*. The "party that chooses federal court [must] set out the basis of federal jurisdiction and prove any contested factual allegation." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.

2006) (citing Fed. R. Civ. P. 8(a)(1), 12(b)(1); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992)). "[The] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* at 543.

Daley meets the first criterion: he and Zurich are citizens of Illinois, but Jones Motor is incorporated in and has its principal place of business in Pennsylvania. That establishes the minimal diversity required by CAFA. Likewise, although we were skeptical at oral argument, Daley has plausibly established that his complaint meets the amount-in-controversy requirement. Added together, the theoretical compensatory damages that 100 members of the putative class might obtain amount to $1,405,040 (generously allowing for damages to have continued to accrue even after the 2017 filing of the complaint until today). That figure alone is insufficient to cross the threshold under CAFA. But Daley also seeks punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act. Asserted punitive damages "factor into the amount-in-controversy calculation." *Roppo*, 869 F.3d at 582 (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011)). Illinois courts have routinely imposed punitive damage multipliers of 3:1 under that statute. *See id.* at 582–83. Together with compensatory damages, that theoretically increases the amount-in-controversy in this case to $5,620,160. "Based on these allegations and evidence, a fact-finder might conceivably lawfully award in excess of $5 million." *Id.* (quotation and emphasis omitted). We are satisfied that Daley has met the second prong of the jurisdictional requirements.

But Daley runs into trouble on the third prong: numerosity. In its supplemental briefing, Jones Motor provided an affidavit by one of its employees attesting to the fact that it only employed 52 truck drivers in Illinois during the period in question. It also provided the names of those drivers, the dates on which they worked, and the actual amounts they paid for supplemental insurance. Daley provides no evidence to the contrary; instead, he asks us to strike Jones Motor's evidence because it was untimely. But as he acknowledges in his brief, "limits on subject-matter jurisdiction are not waivable or forfeitable." *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). Perhaps Jones Motor should have raised the jurisdictional question in the district court, but once we see evidence that we lack jurisdiction, we cannot simply ignore that evidence and pretend that Daley's unfounded assertion that there are at least 100 class members is true.

Because Daley's proposed class does not contain at least 100 members, we lack subject matter jurisdiction under § 1332(d). As well, because complete diversity does not exist between the parties, we lack diversity jurisdiction under § 1331(a). We therefore VACATE the opinion of the district court and MODIFY the district court's judgment of dismissal without prejudice to reflect dismissal for lack of subject matter jurisdiction.