RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0094p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

TIFFANY DAVENPORT, et al.,

　　　　　　　　　　*Plaintiffs-Appellees,*

　　　*v.*

LOCKWOOD, ANDREWS & NEWNAM, INC., et al.,

　　　　　　　　　　　　*Defendants,*

VEOLIA WATER NORTH AMERICA OPERATING
SERVICES, LLC,

　　　　　　　　　　*Defendant-Appellant.*

No. 17-1200

---

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:16-cv-12875—John Corbett O'Meara, District Judge.

Decided and Filed: April 25, 2017

Before: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** John A. K. Grunert, CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C., Boston, Massachusetts, Cheryl A. Bush, Michael R. Williams, BUSH SEYFERTH & PAIGE PLLC, Troy, Michigan, for Appellant. Emmy L. Levens, COHEN MILSTEIN SELLERS & TOLL PLLC, Washington, D.C., for Appellees.

---

## OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. This case arises out of defendant Veolia Water North America Operating Services, LLC's ("Veolia") and other defendants' allegedly

negligent conduct in connection with the Flint, Michigan water crisis. The sole issue on appeal is the meaning of "other class actions" under the local controversy exception to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The district court found that plaintiffs had met the requirements for the local controversy exception to CAFA and remanded this matter to the Michigan state courts. For the reasons that follow, we reverse the district court's order to remand the case to state court and find that the local controversy exception is inapplicable to this case.

I.

This case is one of numerous actions arising from the water crisis in Flint, Michigan. The Flint public water system includes lead pipes. Prior to April 2014, Flint purchased treated water from the City of Detroit. Thereafter, the city began using the Flint River as its water source. The Flint River water was not treated with corrosion-inhibiting chemicals, and this led to a multitude of serious problems with the local water supply. Residents complained that the water was discolored and foul-smelling. There were reports of skin rashes, hair loss, and vomiting after drinking and bathing in the water. And most disturbingly, many children in Flint were found to have high levels of lead in their blood stream. *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 387 (6th Cir. 2016).

On July 26, 2016, the plaintiffs filed this putative class action in Genesee County Circuit Court asserting claims for negligence, intentional and negligent infliction of emotional distress, and unjust enrichment. They alleged that the individual plaintiffs and the members of the class have been harmed by exposure to lead from Flint's public water system. The defendants include Veolia and Lockwood, Andrews & Newnam, P.C. ("LAN"), as well as several other entities related to either Veolia or LAN. In 2013, LAN was hired by Flint to advise the city with respect to using the Flint River as its water source. Flint hired Veolia in February 2015 as a water expert to evaluate the city's water-treatment process. The plaintiffs seek damages from Veolia and LAN for the harm they allegedly suffered as a result of the contaminated Flint water.

Veolia timely removed the case to district court pursuant to CAFA. Veolia asserted that the amount in controversy exceeded $5 million, the putative class comprised at least 100

members, and there was the minimal diversity of citizenship required by CAFA. It also asserted that the local controversy exception did not apply to defeat federal jurisdiction because at least five similar class actions had been filed prior to the filing of this action.

The plaintiffs moved to remand on the ground that the matter was a local controversy as contemplated by § 1332(d)(4)(A) and thus did not fall within CAFA's jurisdiction. Under the local controversy exception, a district court must decline to exercise CAFA jurisdiction:

> (i) over a class action in which—
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed
> > (II) at least 1 defendant is a defendant—
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > > (cc) who is a citizen of the State in which the action was originally filed; and
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A). The parties agree that all requirements of § 1332(d)(4)(A)(i) have been met in this case. The plaintiffs, however, asserted that pursuant to subsection (ii), the case fell within the local controversy exception, despite the fact that other similar class actions had been filed within the preceding three years.

It is undisputed that, prior to the filing of this case by the plaintiffs, Flint residents filed other class actions against Veolia, LAN, and various other persons and entities seeking damages for injuries allegedly caused by the lead contamination in Flint's water system. *McIntosh v. State of Michigan*, No. 16-10571 (E.D. Mich. filed Feb. 16, 2015)[1]; *McMillian v. Snyder,*

---

[1]This action was voluntarily dismissed on May 25, 2016.

No. 16-10796 (E.D. Mich. filed Mar. 2, 2016); *Gilcreast v. Lockwood, Andrews & Newnam, P.C.*, No. 16-11173 (E.D. Mich. filed Mar. 31, 2016); *Washington v. Snyder*, No. 16-11247 (E.D. Mich. filed April 5, 2016). One of the first such cases was the *Mason* action, which was initially filed in state court on January 25, 2016, and then removed to district court, only to be remanded back to state court under the local controversy exception. The court in *Mason* did not address whether other class actions had been previously filed or the meaning of the "other class actions" provision in § 1332(d). *See Mason*, 842 F.3d at 389.

The district court acknowledged that other class actions had been filed in the previous three years but agreed with the plaintiffs that this case was a "truly local controversy" and remanded the case to state court. In doing so, the district court noted that CAFA was enacted to prevent "copycat class actions" in "state courts of different jurisdictions" when there is no way to consolidate cases. It noted that, here, all of the state class actions were in Michigan and cited two district cases where the state court class actions were confined to one state as well. Veolia now appeals.

II.

We review questions of subject matter jurisdiction *de novo*, "including a district court's order remanding a case to the state court from which it was removed" under CAFA. *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 282 (6th Cir. 2016) (internal citation and quotations omitted).

We have, in the past, interpreted the local controversy exception to CAFA. *See Mason*, 842 F.3d at 389. However, the statutory interpretation question before us today is an issue of first impression for our court. *Mason* dealt with whether the first-filed class action in the Flint water crisis met the requirements of § 1332(d)(4)(A)(i). Although we spoke with broad language about the local controversy exception, we confined our holding to the two individual provisions at issue—the two-thirds citizenship and "significant basis" requirements. *Id.* at 389.

Here, the parties agree that all the requirements of § 1332(d)(4)(A)(i) have been met. They dispute whether subsection (ii) has also been met. As we did in *Mason*, we confine our inquiry to the issue before us: whether "during the 3-year period preceding the filing of the class

action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). There is no dispute that there have been other class actions filed and that they involve similar factual allegations against many of the same defendants as those present here. The sole question is whether these "other class actions" are such for CAFA purposes.

## A.

For questions of statutory interpretation, we look to the statutory language as "the starting point for interpretation, and . . . the ending point if the plain meaning of that language is clear." *United States v. Henry*, 819 F.3d 856, 870 (6th Cir. 2016). The plain language of CAFA offers a simple answer to our inquiry. The local controversy exception will apply only if no other similar class action was brought against any of the defendants in the instant action during the three years preceding the filing of this case. § 1332(d)(4)(A)(ii).

It is undisputed that five class actions were brought, each advancing very similar factual allegations of negligence, intentional and negligent infliction of emotional distress, and unjust enrichment. And each action sued at least one of the defendants currently in this suit. Applying the language of the exception to the facts before us, the local controversy exception cannot apply. The statutory language is clear and unambiguous. The federal court retains jurisdiction pursuant to CAFA.

Plaintiffs have a rebuttal. They assert that, when considered within the design and Congressional intent of CAFA, "other class action" should not refer to class actions filed within a single state. As applied to this case, plaintiffs certainly have a point. They argue that the Flint water crisis "exemplifies the quintessential local controversy." *Mason*, 842 F.3d at 397. They emphasize language from the *Mason* decision that says that "it defies common sense to say a suit by Flint residents against those purportedly responsible for injuring them through their municipal water service is not a 'local controversy.'" *Id.* And plaintiffs contend that this is not an interstate class action at all but an entirely local one, because "[t]he heart of this case concerns injuries suffered by the residents of Flint, Michigan in Flint, Michigan." The district court, too, seemed to adopt this argument when it cited to unreported district court cases for the proposition

that, "where multiple cases are filed in the courts of the same state, federal jurisdiction under CAFA may not be proper." *Logan v. CLUB Metro USA, LLC*, Civil Action No. 15-6773 (JLL), 2015 WL 7253935, at *3–4 (D. N.J. Nov. 17, 2015); *see also Bridewell-Sledge v. Blue Cross of Calif.*, 798 F.3d 923, 930 (9th Cir. 2015) (two class actions filed in state court and consolidated did not preclude application of the local controversy exception).

But the district court relied on, and the plaintiffs urge us on appeal to look to, the "local" nature of the controversy in such a way that contradicts CAFA's plain language. It is true that the injuries were suffered by Flint residents in Flint, Michigan. In the colloquial sense, then, the controversy is "local." However, it is not local in the way Congress contemplated in CAFA. It was the alleged conduct of primarily out-of-state defendants that caused plaintiffs' injuries. And the class actions filed surrounding the Flint water crisis will have long-lasting implications for interstate commerce and will be felt far beyond the Flint, Michigan region. The language of CAFA defines by its own terms what qualifies as a local controversy, and those requirements are not met in this case. Even the plaintiffs concede that the local controversy exception could be plausibly read to conform to, rather than contradict, its plain meaning. Furthermore, courts agree that "[a]ny doubt about the applicability of the local-controversy exception [should be] resolved against the party seeking remand." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015); *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016); *Reece v. AES Corp.*, 638 F. App'x 755, 767–68 (10th Cir. 2016).

## B.

To the extent that the district court and the plaintiffs rely on policy considerations in lieu of a plain-meaning reading of the text, we note that the policy implications behind CAFA do not require that we remand this case to state court. Plaintiffs argue that Congress's intent when enacting CAFA was to eliminate "copycat, or near copycat, suits in multiple forums." They are not wrong. Congress did intend to prevent copycat suits in multiple forums, enabling class actions to be consolidated to promote judicial efficiency. *See* S. Rep. 109-14, 7, *as reprinted in* 2005 U.S.C.C.A.N. 3, 27. But there are also policy goals behind CAFA that support the plain-language reading of the statute here. The statute was enacted to broaden the availability of diversity-jurisdiction for class-action suits. *See Dart Cherokee Basin Operating Co. v. Owens*,

135 S. Ct. 547, 554 (2014) (quoting S. Rep. 109-14, at 35, that "the overall intent of [CAFA] is to strongly favor the exercise of federal diversity jurisdiction over [interstate] class actions"). Congress was concerned about what "appear[ed] to be state court provincialism against out-of-state defendants" and the need "to shore up confidence in the judicial system by preventing even the appearance of discrimination in favor of local residents." S. Rep. No. 109-15, at 6, 8. Congress valued a federal forum for all cases "with significant interstate and economic impacts," *id.* at 8, in order "to allow defendants to defend large interstate class actions in federal court." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 407 (6th Cir. 2008).

CAFA was not to be read narrowly, but as a broad grant of jurisdiction in interstate class actions. S. Rep. 109-14, at 43 (The "provisions [of 28 U.S.C. S 1332(d)] should be read broadly. . ."). And the exception, specifically, was not to be read to create a jurisdictional loophole by which a plaintiff could defeat federal jurisdiction. *See id.* at 39. To read the statute narrowly but give broad sweep to the local controversy exception, in direct contradiction of its plain language, would be to contort Congress's intent as embodied in the statutory language.

C.

Finally, it is worth noting the unique procedural posture of this case and contrasting it with cases cited by both the district court and the plaintiffs to support a finding that the local controversy exception must apply here. In *Vodenichar*, the Third Circuit addressed whether a case met the requirements of § 1332(d)(4)(A)(ii), but remanded the case to state court because it was a continuation of the first class action filed in the dispute. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 509 (3d Cir. 2013). The case was the *same suit* in a second iteration, not a separate, second-filed suit with similar factual allegations against some of the same defendants. *Id.* at 509–10. Therefore, because no *other* suit with similar factual allegations had been filed preceding that one, the case met the requirements for the local controversy exception and the district court was required to remand. *Id.* Unlike *Vodenichar*, this case is an independent action and is not a continuation of the first-filed case.

*Mason*, on the other hand, did not address the requirements of § 1332(d)(4)(A)(ii) at all. *See Mason*, 842 F.3d at 389. It was the first class action filed in the Flint water crisis. By the

plain language of the local controversy exception, "no other class action had been filed asserting the same or similar factual allegations against any of the defendants" in the three years prior to *Mason* being filed.  28 U.S.C. § 1332(d)(4)(A)(ii).  *Mason*, by the language of the exception, belonged in state court.  This case, by the same language, does not.  It is undisputed that multiple class actions have been filed in the three years preceding the July 26, 2016 filing of this suit, and thus the local controversy exception cannot apply here.

### III.

For the reasons stated above, we reverse the judgment of the district court and remand for further proceedings not inconsistent with this opinion.