RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0092p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

───────────────

DANA NESSEL, Attorney General of the State of Michigan, ex rel., The People of the State of Michigan,

*Plaintiff-Appellee*,

*v.*

AMERIGAS PARTNERS, L.P.; AMERIGAS PROPANE, L.P.,

*Defendants-Appellants*.

No. 20-1098

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:18-cv-13196—Terrence George Berg, District Judge.

Decided and Filed:  March 27, 2020

Before:  CLAY, NALBANDIAN, and MURPHY, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:**  James T. Hultquist, Timothy R. Carwinski, M. Patrick Yingling, Jillian L. Burstein, REED SMITH LLP, Chicago, Illinois, John R. Prew, HARVEY KRUSE, P.C., Troy, Michigan, for Appellants.  Katherine J. Bennett, Darrin F. Fowler, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

CLAY, J., delivered the opinion of the court in which MURPHY, J., joined. NALBANDIAN, J. (pp. 10–15), delivered a separate opinion concurring in part and in the judgment.

—————————

**OPINION**

—————————

CLAY, Circuit Judge.   Defendants AmeriGas Partners, L.P., and AmeriGas Propane, L.P., (collectively, "AmeriGas") appeal the district court's order remanding this action to state court.   This appeal presents the question of whether a representative action brought by the Michigan Attorney General pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*, is a removable "class action" under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4.   For the reasons that follow, we find that it is not and thus affirm the district court's order.

**I.**

The State of Michigan, through its Attorney General, initiated this lawsuit in state court in June 2018. Michigan alleges that AmeriGas—the largest provider of residential propane in Michigan—violated numerous provisions of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et seq.*, by engaging in unfair trade practices, including illegal pricing schemes.   The complaint states that the Attorney General is authorized to bring this suit on behalf of the Michigan residents affected by AmeriGas's alleged unfair practices, in part, by Section 10 of the MCPA, codified at Mich. Comp. Laws § 445.910.   Section 10, titled "class actions by attorney general for actual damages," provides in part that:

> The attorney general may bring a class action on behalf of persons residing in or injured in this state for the actual damages caused by any of the following: (a) A method, act or practice in trade or commerce defined as unlawful under section 3 [unfair, unconscionable, or deceptive methods, acts, or practices].

*Id.* § 445.910 (footnote omitted).

AmeriGas then removed the case to federal court, arguing that the Attorney General's lawsuit is a "class action" under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code).   The district court disagreed.   It found that the Attorney General's lawsuit did not qualify as a "class action" under CAFA because Section 10 "lacks the core requirements of typicality,

commonality, adequacy, and numerosity that are necessary to certify a class under [Federal Rule of Civil Procedure] 23." *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, No. 2:18-CV-13196-TGB, 2019 WL 4744334, at *3 (E.D. Mich. Sept. 30, 2019). Thus, the district court found that it lacked subject matter jurisdiction over the action and remanded the case to state court. *Id.* at *5.

AmeriGas next petitioned this Court for permission to appeal the district court's remand order. Although an order remanding a case to state court for lack of subject matter jurisdiction is generally not appealable, *see* 28 U.S.C. § 1447(d), this Court has discretion to accept an appeal from a remand order when that appeal presents a CAFA-related issue, *see id.* § 1453(c)(1). We granted the petition to appeal in order to determine if the Attorney General's lawsuit brought pursuant to Section 10 of the Michigan Consumer Protection Act is a "class action" for purposes of CAFA removability. We now affirm.

**II.**

In general, a defendant may remove a civil case from state court to federal court if the action could have originally been brought in federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). Federal courts have original jurisdiction over two types of cases: cases that involve a federal question, *see* 28 U.S.C. § 1331, and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied, *see id.* § 1332(a). Congress through CAFA sought to relax the requirements of diversity jurisdiction in order to make it easier for plaintiffs to bring certain interstate class actions and mass actions in federal court. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("CAFA's primary objective [is] ensuring '[f]ederal court consideration of interstate cases of national importance.'" (quoting § 2(b)(2), 119 Stat. 5)). Under CAFA, a federal court has original jurisdiction over a class action when (1) there is minimal diversity of citizenship between the parties; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(2)–(6); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or

similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

We review the district court's remand order and interpretation of CAFA *de novo*. *Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 908 (6th Cir. 2017). Generally, "statutory procedures for removal are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), such that "[a]ll doubts as to the propriety of removal are resolved in favor of remand," *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Owens*, 574 U.S. at 89. Therefore, we review the district court's order in this case *de novo* without employing any "antiremoval presumption." *Id.*; *accord Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 283 (6th Cir. 2016).

When determining whether removal jurisdiction exists under CAFA, we begin by looking to the plain text of the statute. *See, e.g.*, *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). If the statutory language is unambiguous, we enforce it according to its terms. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). As noted above, CAFA provides that a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). "'While [this] statutory definition is, to some degree circular,' . . . it is nonetheless unambiguous." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 214 (2d Cir. 2013) (quoting *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011)); *accord Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) ("There is no ambiguity in CAFA's definition of class action."). Through this definition, "Congress undoubtedly intended to define 'class action' in terms of its similarity and close resemblance to Rule 23." *CVS Pharmacy*, 646 F.3d at 174.

Rule 23 specifies four prerequisites that must be satisfied before a member of a class may sue or be sued as a representative party. First, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Next, there must be "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and the claims or defenses of the

representative party must be "typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3). Lastly, the representative party must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). These four requirements—numerosity, commonality, typicality, and adequate representation—are the defining characteristics of Rule 23. And, under CAFA, removal jurisdiction exists only when a class action is brought pursuant to Rule 23 itself or a "similar" state statute. 28 U.S.C. § 1332(d)(1)(B). Merriam-Webster defines "similar" as "having characteristics in common" or "alike in substance or essentials." Merriam-Webster's Collegiate Dictionary (11th ed. 2003); *see also* Oxford English Dictionary (3d ed. 2019) (defining "similar" as "of a like nature or kind"). The Attorney General's lawsuit brought pursuant to Section 10 of the MCPA does not satisfy any of these core requirements, most notably typicality and adequate representation, and so is not similar to a class action brought pursuant to Rule 23.

To start, Section 10 does not require the Attorney General to have suffered an injury at the hands of Defendants or to bring a claim that is otherwise typical of each class member's claim. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977))). Instead, the Attorney General is authorized to bring this action in her capacity as a representative of the State through the statutory scheme established by the Michigan Legislature in the MCPA. *See* Mich. Comp. Laws § 445.910. Where the Attorney General herself does not allege to have purchased any propane from AmeriGas or to otherwise have been harmed by AmeriGas's alleged unfair business practices, her claims are not "typical" of the proposed class members on whose behalf she brings this lawsuit.

The same is true for adequate representation. The Attorney General brings this lawsuit in order to vindicate the State's sovereign and quasi-sovereign interest in deterring Defendants from engaging in unfair trade practices and recompensing Michigan consumers who suffered from Defendants' alleged acts, as the Michigan Legislature has authorized her to do. *See id.* § 445.910. However, just because the Attorney General is authorized to seek damages on behalf of a group of consumers who were allegedly harmed by AmeriGas's practices does not mean that

the Attorney General is an "adequate representative" of that class. As discussed above, the Attorney General is not herself a member of the class, she does not assert any claims that are typical of that class, and she has not suffered any injury at the hands of Defendants. Therefore, a federal court would again be hard-pressed to find that the Attorney General is an adequate "representative person[]" of the putative class for purposes of CAFA removability. 28 U.S.C. § 1332(d)(1)(B); *see Falcon*, 457 U.S. at 156; *see also Merriam-Webster's Collegiate Dictionary* (11th ed. 2003) (defining "representative" as "serving as a typical or characteristic example"); *The American Heritage Dictionary of the English Language* 1481 (4th ed. 2000) (defining "representative" as "[o]ne that serves as an example or type for others of the same classification").

Moreover, Section 10 does not appear to require the Attorney General to join any of the affected consumers as named plaintiffs in her lawsuit. Instead, this action is brought by a single entity—the State—in order to vindicate the rights of Michigan consumers. (And again, the State, acting as sole plaintiff, is not even a representative member of that class.) Thus, it is unclear how the requirements of numerosity and commonality could ever be satisfied in a Section 10 lawsuit.

Where Section 10 does not require the Attorney General to have suffered any injury at the hands of Defendants or to otherwise assert claims that are typical to the consumers on whose behalf she is bringing this lawsuit, the core requirements of Rule 23 are not satisfied. *See CVS Pharmacy*, 646 F.3d at 175 ("[W]hile a 'similar' state statute or rule need not contain all of the other conditions and administrative aspects of Rule 23, it must, at a minimum, provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class, such that it would not be unfair to bind all class members to the judgment entered for or against the representative party."). Thus, Section 10 is not a state statute "similar" to Rule 23 for purposes of CAFA removability. 28 U.S.C. § 1332(d)(1)(B).

This interpretation of CAFA's plain language aligns with that of four of our sister circuits. *See Purdue Pharma*, 704 F.3d at 215–21; *CVS Pharmacy*, 646 F.3d at 174–79; *Chimei Innolux Corp.*, 659 F.3d at 847–50; *LG Display Co. v. Madigan*, 665 F.3d 768, 771–72 (7th Cir.

2011). In each of those cases, the reviewing court held that a representative action brought by a state attorney general was not removable under CAFA because the state law pursuant to which the lawsuit was filed did not require satisfaction of Rule 23's core elements. *See Purdue Pharma*, 704 F.3d at 217; *CVS Pharmacy*, 646 F.3d at 177–78; *Chimei Innolux Corp.*, 659 F.3d at 849; *Madigan*, 665 F.3d at 772. To be sure, each of those cases concerned lawsuits brought by the state attorney general pursuant to his or her *parens patriae* authority and each involved state laws that differ somewhat from the MCPA. But the fact that the actions were brought pursuant to the attorneys general's *parens patriae* authority was not essential to these courts' holdings. As the Fourth Circuit explained,

> While the *parens patriae* analysis . . . is helpful in some respects, it is not a substitute for the similarity standard set forth in CAFA. We are presented here not with the question of whether the instant action is either a *parens patriae* action or a CAFA class action, but simply whether it is a CAFA class action. And, while we conclude that this action is a *parens patriae* action, based on the State's deterrence and consumer protection interests, that conclusion is not essential to the separate, and more meaningful determination that the action in this case was not brought under a procedure "similar" to Rule 23.

*CVS Pharmacy*, 646 F.3d at 176 n.2 (citations omitted).

Thus, even though the Attorney General did not bring the present lawsuit as a *parens patriae* action as such but instead brought the action pursuant to her authority under Section 10 of the MCPA, these cases still persuasively instruct that what matters for purposes of CAFA removability is whether a representative action by a state attorney general can satisfy the core requirements of Rule 23. *See Purdue Pharma*, 704 F.3d at 217; *CVS Pharmacy*, 646 F.3d at 177–78; *Chimei Innolux Corp.*, 659 F.3d at 849; *Madigan*, 665 F.3d at 772. And, even though the state statutes at issue in those cases generally did not describe the attorney general's lawsuit as a "class action," *see Chimei Innolux Corp.*, 659 F.3d at 848, we are not convinced that the "class action" label in Section 10 determines whether the Attorney General's suit qualifies as a "class action" under CAFA, *see Madigan*, 665 F.3d at 772. Instead, because Section 10 does not require the Attorney General's suit to satisfy the core class action requirements of numerosity, commonality, typicality, and adequate representation, it is not "similar" to Rule 23 for purposes of removal under CAFA. *E.g.*, *CVS Pharmacy*, 646 F.3d at 177–78.

AmeriGas responds that although Section 10 does not require satisfaction of numerosity, commonality, typicality, and adequate representation, there is a Michigan rule that does: Michigan Court Rule 3.501. Michigan Rule 3.501, titled "class actions," is Michigan's analog to Rule 23. AmeriGas argues that Section 10 of the MCPA incorporates Michigan Rule 3.501, and thus Michigan Rule 3.501 renders Section 10 similar to Rule 23 for purposes of CAFA. We disagree.

First, Section 10 does not say that it incorporates Michigan Rule 3.501, nor does it otherwise make any reference to the usual class action requirements discussed above. More significantly, the plain language of Michigan Rule 3.501 indicates that it does not apply to lawsuits brought by the Attorney General pursuant to Section 10. Michigan Rule 3.501 provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if" there is numerosity, commonality, typicality, adequate representation, and superiority. Mich. Ct. R. 3.501(A). As discussed above, the Attorney General is not a "member" of the class and does not have claims that are typical of it. Thus, by its plain language, Michigan Rule 3.501 does not apply to an action brought by the Attorney General pursuant to Section 10. Nor could it, given that the Attorney General's Section 10 action does not satisfy the core requirements of numerosity, commonality, typicality, and adequate representation, for the same reasons discussed above in regard to Rule 23. This is perhaps why AmeriGas has not been able to point this Court to any case in which a Michigan trial court has applied Michigan Rule 3.501's requirements to this type of action, nor have we been able to locate one.

Lastly, federalism concerns also weigh in favor of our interpretation of CAFA. The Supreme Court has long cautioned against "snatch[ing] cases which a State has brought from the courts of that State, unless some clear rule demands it." *CVS Pharmacy*, 646 F.3d at 179 (alteration in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 21 n.22 (1983)); *see also id.* at 178 ("While it is true that West Virginia voluntarily entered into its own courts to enforce its laws, it did not voluntarily consent to removal of its case to a federal court, and a federal court should be most reluctant to compel such removal, reserving its constitutional supremacy only for when removal serves an overriding federal interest.").

This principle strikes us as a specific manifestation of the general clear-statement rule requiring Congress to speak clearly if it "intends to alter the usual constitutional balance between States and the Federal Government." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787 (2000) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989)); *see Bond v. United States*, 572 U.S. 844, 857–60 (2014).

We see no clear statement in CAFA that Congress has provided for removal of these types of actions brought by state attorneys general.  Indeed, it does not appear that an attorney general could *ever* successfully shoehorn this type of suit into Rule 23's requirements, given that she is not a "member[] of [the] class" who has claims "typical" of the claims of the class.  Fed. R. Civ. P. 23(a), (a)(3); *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–401 (2010).  If we were to find that the Attorney General's Section 10 lawsuit is a "class action" for purposes of CAFA, the lawsuit would be required to satisfy Rule 23's class action requirements, which it cannot do. Absent any clear indication from Congress, we decline to effectively invalidate the Michigan Legislature's determination that an Attorney General should be able to sue for injuries to consumers pursuant to Section 10.

**III.**

Because Section 10 of the Michigan Consumer Protection Act does not require the present lawsuit to satisfy the core requirements of a federal class action, it is not a similar statute to Rule 23 for purposes of CAFA.  Therefore, we **AFFIRM** the district court's order remanding the case to state court.

---

**CONCURRING IN PART AND IN THE JUDGMENT**

---

NALBANDIAN, Circuit Judge, concurring in part and concurring in the judgment. I agree that the Attorney General's action is not removable under the Class Action Fairness Act. I write separately to discuss the different reasons that lead me to that conclusion.

I.

I do not think that 28 U.S.C. § 1332(d)(1)(B) ("CAFA") *unambiguously* requires that State statutes or rules of judicial procedure impose numerosity, commonality, typicality, and adequate representation requirements to be "similar" to Federal Rule of Civil Procedure 23. Our analysis must begin with the text. *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013). And we must focus on the word "similar"—that word is the key to determining whether CAFA permits removability of an action brought under Michigan Compiled Laws § 445.910. But "similar" is subject to two plausible meanings. "[H]aving characteristics in common or alike in substance or essentials" is one. *Ante*, at 5. But just as dictionary definitions support that reading of the term, several other dictionaries support another reading. Under the interpretative canon of *noscitur a sociis*, "a word may be known by the company it keeps." *Graham Cty. Soil and Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 287 (2010) (quoting *Russell Motor Car Co. v. United States*, 261 U.S. 514, 519 (1923)). And here, Congress told us that State statutes or rules of judicial procedure are "similar" to Rule 23 when they "authoriz[e] an action to be brought by 1 or more representative persons as a class action." § 1332(d)(1)(B).

A "representative person" is someone "that stands in the place or assumes the functions of" the class. *Representative*, Oxford English Dictionary (3d ed. 2009); *see also Representative*, Black's Law Dictionary (10th ed. 2014) ("someone who stands for or acts on behalf of another"). So it is also plausible to read CAFA as requiring only that State statutes or rules of judicial procedure permit a representative person to bring an action on behalf of the class members to be "similar" to Rule 23. *See West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169,

179–80 (4th Cir. 2011) (Gilman, J., dissenting). Whether something is "similar" to something else comes down to the level of abstraction that we use when we pick our comparator.

I am unpersuaded by the fact that five of our sister circuits have reached the same conclusion as the majority. § 445.910 is significantly different from the State laws in those cases. As the majority notes, all those statutes authorized the State's Attorney General to bring *parens patriae* actions—not self-labeled "class actions." *See Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 216 (2d Cir. 2013) ("None of these statutes, however, authorizes suit 'as a class action,' *nor* does either bear any resemblance to Rule 23." (emphasis added)); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796, 799 (5th Cir. 2012) ("The MCPA explicitly forbids class actions[.]"), *rev'd on other grounds*, 571 U.S. 161 (2014); *LG Display Co., Ltd. v. Madigan*, 665 F.3d 768, 772 (7th Cir. 2011) ("A class action must be brought *as a class action*. This case was brought as a *parens patriae* suit[.]"); *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 850 (9th Cir. 2011) (noting that "*parens patriae* suits are not 'labeled "class actions"'"); *CVS Pharmacy, Inc.*, 646 F.3d at 174 ("the Pharmacies acknowledge that the Attorney General did not purport to bring his action as a class action"). So on their faces, those statutes fail CAFA's explicit requirement that State law must authorize "an action to be brought by 1 or more representative persons *as a class action*" to be similar to Rule 23. § 1332(d)(1)(B) (emphasis added). Not only does § 445.910 label the suits it authorizes the Attorney General to bring as "class actions" but the Attorney General moved to certify a class here. (R. 1-3, Mot. for Class Certification.) Thus, this case is much closer than any of those our sister circuits have considered.

What ultimately persuades me is the problematic interplay that would occur in federal court between § 445.910 and the Federal Rules of Civil Procedure if this case were removable. In other words, if the Defendants successfully remove this case to federal court, I am skeptical about whether the Attorney General could survive a motion to dismiss premised on Federal Rule 23's requirements. The answer to that question, at a minimum, implicates the competing opinions in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), and our recent decision in *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019).

The ultimate question is whether § 445.910 would supplant Rule 23's requirements for a "class action" in federal court. That, in turn, implicates two more questions: Do "the Federal Rules of Civil Procedure answer the question in dispute" and if so, are "the Federal Rules [] valid under the Constitution and the Rules Enabling Act[?]" *Gallivan*, 943 F.3d at 293.

I believe that Federal Rule 23 would plainly answer the question in dispute—whether the Attorney General's case against AmeriGas can proceed as a class action. *See id.* at 293–94. That rule provides a procedural device by which a representative may bring aggregate claims on behalf of many plaintiffs. But the representative must be a member of the class whose claims or defenses "are typical of the claims or defenses of the class." *See* Fed. R. Civ. P. 23(a)(3). The majority opinion discusses why Michigan Court Rule 3.501 (Michigan's general procedural rule analogous to Federal Rule 23) does not apply to the Attorney General's action—that rule sets forth requirements for class certification when a *class member* sues on behalf of the class. *Ante*, at 8. Because the Attorney General is not a class member, "by its plain language, Michigan Rule 3.501 does not apply[.]" *Id*. For the same reason, I believe that the Attorney General would be unable to satisfy Federal Rule 23.[1] That rule states: "One or more *members of a class* may sue or be sued as representative parties on behalf of all members . . ." Fed. R. Civ. P. 23(a) (emphasis added). Because the Attorney General is not a member of the class, she may not represent the class under Rule 23. And the Federal Rules provide for no other type of class action. *Shady Grove Orthopedic Associates, P.A.*, 559 U.S. at 436 (Stevens, J., concurring) ("Rule 23 governs class certification in federal courts."). So it is unlikely that under the Federal Rules, the Attorney General could maintain a class action against AmeriGas here.[2]

---

[1]Obviously, the Michigan Court Rules, and the Michigan courts' interpretation of them, do not govern our interpretation of the Federal Rules. So if Michigan courts were to later hold that Rule 3.501 does apply to Attorney General enforcement actions brought under § 445.910 and that the Attorney General can satisfy Rule 3.501's requirements, that would not affect our interpretation of Rule 23 even if such a case became removable under CAFA. That said, Michigan Rule 3.501 and Federal Rule 23 contain identical language as relevant here. *Compare* Mich. Ct. Rule 3.501(A)(1), *with* Fed. R. Civ. P. 23(a). So the majority's interpretation of that language in Michigan Rule 3.501 is persuasive in interpreting the same language in Federal Rule 23.

[2]True, *In re Sclater* certified a class under Rule 23 in a diversity class action brought by Michigan's Attorney General under Michigan's consumer protection law. 40 B.R. 594, 599 (Bankr. S.D. Mich. 1984). But I am skeptical about the result in that case. There, the bankruptcy court failed to discuss *Erie* or the applicability of Michigan law. The case also predates *Shady Grove*. Most importantly, the court failed to acknowledge that the Attorney General was not a member of the class and engaged in a perfunctory analysis of Rule 23(a)'s numerosity,

Regarding *Shady Grove*'s second question, "[t]he Federal Rules are presumptively valid" and "the Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act." *Gallivan*, 943 F.3d at 294 (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1336 (D.C. Cir. 2015)) (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987)). So there is likely no constitutional or Rules Enabling Act problem.

Thus, with affirmative answers to both *Shady Grove* questions, we would be left with an odd situation. We would have a "class action" that is removable to federal court but could not proceed as a "class action" in federal court—contrary to CAFA's express purpose. This suggests to me that the appropriate interpretation of CAFA (to get back to the original question) is to construe "similar" to mean encompassing Rule 23's requirements.

"A textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 63 (2012). So while a statute's purpose cannot override the statute's unambiguous text, an express purpose clause can elucidate the meaning of ambiguous statutory provisions. In CAFA, Congress listed one purpose as "providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction[.]" Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (2005). And the statute's substantive provisions, which loosened the diversity requirements from complete to minimal diversity for qualifying class actions, confirm this. *Compare* 28 U.S.C. § 1332(a), *with* 28 U.S.C. § 1332(d)(2). Congress also enacted CAFA to remedy "abuses of the class action device that have harmed class members with legitimate claims[.]" § 2(a)(2)(A), 119 Stat. at 4.

Interpreting "class action," as defined by CAFA, at a high level of abstraction to mean any State statute or rule of judicial procedure that allows a representative person to bring an action on behalf of a class of persons would conflict with these purposes—as this case shows. Such a reading would prevent, rather than "provid[e] for Federal court consideration of interstate cases of national importance under diversity jurisdiction" and would endorse rather than

---

commonality, typicality, and adequate representation requirements. As discussed in this opinion, Rule 23 does not apply to actions brought by a non-class-member representative. And for the reasons discussed in the majority opinion, Rule 23's requirements are not satisfied here. *See ante*, at 5–6.

eliminate "abuses of the class action device that have harmed class members with legitimate claims[.]" *See* § 2(a)(2)(A), (b)(2), 119 Stat. at 4. So CAFA's purpose clause confirms that the correct meaning of "similar" in § 1332(d)(1)(B) is a requirement that State statutes or rules of judicial procedure contain numerosity, commonality, typicality, and adequate representation requirements like those in Rule 23. And for the reasons the majority explains, § 445.910 contains no such requirements. *See ante*, at 5–6. Thus, the action filed by the Attorney General under that statute is not a "class action" under CAFA.

## II.

I note that under my view, the most plausible removal theory here is premised on § 445.910 itself encompassing a class action under CAFA—rather than finding that a § 445.910 class action must match the requirements of Michigan Court Rule 3.501, which in turn satisfies CAFA. As noted above, Rule 3.501 imposes requirements almost identical to those in Federal Rule 23. But AmeriGas concedes that the Attorney General brought this action under § 445.910, not Rule 3.501. (Appellant's Reply Br. at 3.) And as the majority notes, there appears to be no case in which a Michigan court has applied Rule 3.501 to an action brought under § 445.910. If a future court were to do so, however, it may open the door to removability of actions filed under § 445.910.

But if the case was plausibly removable under § 445.910 alone, then it was almost certainly removable when filed. Here, AmeriGas removed this case within thirty days of the Attorney General's motion for class certification, but more than thirty days after receiving the Attorney General's complaint. This court's precedent requires a defendant seeking to remove their case under CAFA to do so within thirty days of receiving a document from the plaintiff that allows the defendant to unambiguously determine CAFA jurisdiction. *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016). The Attorney General's complaint does that. The complaint's request for relief explicitly states that the Attorney General seeks "actual and punitive damages for all persons named in this complaint *and classes of similarly situated AmeriGas customers*" and it cites § 445.910, the statute that authorizes the Michigan Attorney General to bring "class actions." (R. 1-2, Compl. at PageID # 55 (emphasis added).) The complaint also alleges enough for minimal diversity, over $5 million in dispute, and a putative

class of over one hundred plaintiffs.  Thus, 28 U.S.C. § 1446(b) required AmeriGas to remove this case within thirty days after receiving the Attorney General's complaint.  But it did not do so until nearly three and a half months later.**[3]**

### III.

For these reasons, I concur in the majority's analysis of why § 445.910 lacks numerosity, commonality, typicality, and adequate representation requirements like those in Rule 23 and concur in the judgment.

---

**[3]**That said, time requirements for removal are "procedural, not jurisdictional, and therefore subject to forfeiture."  *Music v. Arrowood Indem. Co.*, 632 F.3d 284, 285 (6th Cir. 2011).  So a plaintiff must raise untimely removal or risk forfeiture.